IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02264-RPM-MJW

CARMAX AUTO SUPERSTORES WEST COAST, INC.,
a California corporation and
CARMAX BUSINESS SERVICES, LLC,
a Delaware limited liability company,

Plaintiffs,

v.

CARMAX, LLC, a Colorado limited liability corporation, and its owners
GUSS M. HUND, Owner and Registered Agent
CHRIS HUND, Owner, and
ERIC HUND, Owner,

Defendants.

---

## RECOMMENDATION ON
## PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT (DOCKET NO. 11) AND
## PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS (DOCKET NO. 13)

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This matter is before the court pursuant to an Order of Reference to Magistrate Judge issued by Senior District Court Judge Richard P. Matsch on June 2, 2008. (Docket No. 16).

A hearing was held on July 28, 2008, before Magistrate Judge Watanabe on Plaintiffs' Motion For Default Judgment Against Defendants Carmax, LLC, Guss M. Hund, and Eric Hund (Docket No. 11) and Plaintiffs' Motion for Attorneys' Fees and Costs (docket no. 13) consistent with <u>Vanable v. Haislip</u>, 721 F.2d 297, 300 (10th Cir. 1983); and <u>Hunt v. InterGlobe Energy, Inc.</u>, 770 F.2d 145, 148 (10th Cir. 1985). Plaintiffs were represented by counsel, Matthew A. Moore, and all Defendants failed to

appear for this hearing. The court has considered the above motions (docket nos. 11 and 13) and the the supporting legal brief. In addition, the court has considered the testimony and credibility of William Fredrick Jones, Esquire, and Plaintiffs' exhibits 1-5, inclusive, that were admitted into evidence. Furthermore, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and recommendation.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

1. That I have original jurisdiction over this civil action pursuant to, *inter alia*, 28 U.S.C. § 1338(a) because the action arises under an Act of Congress relating to trademarks, and this court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over all state law and common law claims in this civil action because the state law or common law claims are so related to claims over which this court has original jurisdiction that the state law and common law claims form part of the same case or controversy under Article III of the United States Constitution.

2. That venue is proper in the state and District of Colorado.

3. That proper notice of this hearing was provided to all parties, and each party has been given a fair and adequate opportunity to be heard. That Defendants CARMAX, LLC, a Colorado Limited Liability Corporation, Guss M. Hund, Owner and Registered Agent, and Eric Hund, Owner, have all failed to appear for this hearing.

4. That Plaintiffs CarMax Auto Superstores West Coast, Inc., and CarMax Business Services, LLC (collectively "CarMax"), filed their

Complaint (docket no. 1) on October 25, 2007, asserting the following claims for relief: (1) trademark infringement in violation of 15 U.S.C. § 1114; (2) trademark dilution in violation of 15 U.S.C. § 1125(c); and (3) deceptive trade practices under §§ 6-1-101 *et seq.*, C.R.S.

5. That Defendant CARMAX, LLC, was properly served by handing copies of the Complaint, Summons, and District Court Civil Case Cover Sheet to Guss M. Hund, the registered agent of CARMAX, LLC, at 3359 South Federal Blvd., unincorporated County of Arapahoe, State of Colorado, on October 29, 2007. (Docket No. No. 3).

6. That Defendant Guss M. Hund was properly served by handing copies of the Complaint, Summons, and District Court Civil Case Cover Sheet to Guss M. Hund personally at 3359 South Federal Blvd., unincorporated County of Arapahoe, State of Colorado, on October 29, 2007. (Docket No. No. 3).

7. That Defendant Eric Hund was properly served by handing copies of the Complaint, Summons, and District Court Civil Case Cover Sheet to Eric Hund personally at 3359 South Federal Blvd., unincorporated County of Arapahoe, State of Colorado, on October 29, 2007. (Docket No. No. 3).

8. That on November 30, 2007, Plaintiffs CarMax dismissed Chris Hund pursuant to Fed. R. Civ. P. 41(a).

9. That Defendants CARMAX, LLC, Guss M. Hund, and Eric Hund are not infants, incompetent persons, officers or agents of the State of

Colorado, or in the military serivce.  See affidavit by William Fredrick Jones, Esquire, paragraph 14.

10. That pursuant to Fed. R. Civ. P. 12(a), Defendants CARMAX, LLC, Guss M. Hund, and Eric Hund were to answer or otherwise respond to the allegations in the Complaint on or before November 19, 2007.

11. That Defendants CARMAX, LLC, Guss M. Hund, and Eric Hund did not answer or otherwise respond to the allegations made in the Complaint.  By failing to answer or otherwise respond to the Complaint, Defendants CARMAX, LLC, Guss M. Hund, and Eric Hund have admitted the factual allegations in Plaintiffs CarMax's Complaint.  See Burlington Northern R.R. Co. v. Huddleston, 94 F.3d 1413, 1415 (10th Cir. 1996).

12. That Defendants' conduct is willful and deliberate in that Defendants knew or should have known, by the exercise of reasonable care, that use of the "Carmax" name would cause confusion with the Carmax marks.  The Complaint alleges and the testimony of William F. Jones, Esquire, confirms that Defendants agreed to stop using the "Carmax" name in 2006, but subsequently continued to use the "Carmax" name which conduct was wilful and deliberate.  Moreover, the testimony of Mr. Jones shows that Defendants refused to communicate meaningfully with Plaintiffs regarding this lawsuit and failed to defend or otherwise participate in this litigation.  See Complaint, paragraphs 42-43 and 61-63, testimony of William F. Jones, Esquire, and affidavit of William F. Jones, Esquire (docket no. 15).

13. That on December 5, 2007, pursuant to Fed. R. Civ. P. 55(a), the Clerk of Court entered default against Defendants CARMAX, LLC, Guss M. Hund, and Eric Hund. (Docket No. No. 7).

14. That while Plaintiffs CarMax have a claim for damages based on the Defendants' infringing conduct, Plaintiffs CarMax only request this Court to enter a permanent injunction against all Defendants to prevent any future violations of the Lanham Act, and to award Plaintiffs CarMax its reasonable attorney fees and costs based on Defendants' willful conduct in violation of the Lanham Act. See 15 U.S.C. § 1117(a) (permitting the award of "reasonable attorney fees to the prevailing party" in "exceptional cases"); United Phosphorus, Ltd. v. Midland Fumigant, Inc., 205 F.3d 1219, 1232 (10th Cir. 2000) (The term "exceptional cases" is generally accepted to mean cases in which trademark infringement is "malicious, fraudulent, deliberate, or willful."). See also Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 502 (C.D. Cal. 2003).

15. That Plaintiffs Carmax's Memorandum of Points and Authorities (exhibit A); the supporting affidavits attached to Plaintiffs Carmax's Motion for Default Judgment (docket no. 11); the live hearing testimony and affidavit of William Fredrick Jones, Esquire; Plaintiffs' exhibits 1-5, inclusive, that were admitted into evidence during this hearing; and the affidavit of William R. Poynter, Esquire (docket no. 14), establish the grounds for entering default judgment, permanently enjoining all Defendants and awarding Plaintiffs CarMax its reasonable attorney fees and costs.

16. That in determining a reasonable award of attorney fees, the district court must calculate the "lodestar," which is the reasonable number of hours spent on the litigation multiplied by a reasonable rate. Further, the party requesting attorney fees bears the burden of proving the amount of hours spent on the case and the appropriate hourly rate. See Case v. Unified Sch. Dist. No. 233, 157 F.3d 1243, 1249 (10th Cir. 1998).

17. That the hourly rates and the hours spent by Plaintiffs' counsel were fair, reasonable, and necessary as outlined in the affidavits of William Fredrick Jones, Esquire, and William R. Poynter, Esquire. That reasonable and necessary attorney fees in the amount of $12,681.45 should be awarded to Plaintiffs. See docket nos. 14 and 15.

18. That pursuant to Fed. R. Civ. P. 54(b), it is appropriate to enter judgment and a permanent injunction against the all Defendants finding no just reason for delay.

## RECOMMENDATION

**WHEREFORE**, for the foregoing reasons, it is hereby

**RECOMMENDED** that Plaintiffs' Motion for Default Judgment (docket no. 11) and Plaintiffs' Motion for Attorneys' Fees and Costs (docket no. 13) be **GRANTED** and that judgment be entered in favor of Plaintiffs CarMax Auto Superstores West Coast, Inc., a California corporation, and CarMax Business Services, LLC, and against Defendants CARMAX, LLC, a Colorado Limited Liability Corporation, Guss M. Hund, Owner and Registered Agent, and Erick Hund, Owner, jointly and severally as follows:

1. Entry of a permanent injunction enjoining Defendants CARMAX, LLC, a Colorado Limited Liability Corporation, Guss M. Hund,

Owner and Registered Agent, and Eric Hund, Owner, and each of them:

    a.    from further commercial use of the Carmax marks, either alone or in combination with other words, names, or symbols; on or in connection with the sale, offer for sale, advertising, and rendering of services in connection with the sale and lease of new and used vehicles, with repair and maintenance services pertaining to vehicles, with warranty services pertaining to vehicles, and with other related goods and services; including, but not limited to the use of "Carmax;"

    b.    from performing or committing any other acts of trademark infringement, acts falsely representing Defendants' goods or services, or acts which are likely to cause confusion or mistake in the mind of the purchasing public, or lead purchasers or the trade to believe that Defendants' services or products come from or are the services or products of CarMax, or are somehow sponsored by, associated with, affiliated with, or connected with CarMax, or that there is some relation, association, affiliation, or connection between CarMax and Defendants;

    c.    from diluting the distinctiveness of the famous Carmax marks; and,

    d.    from tarnishing CarMax's reputation or its goods and services;

2.    Entry of an Order to Defendants CARMAX, LLC, a Colorado

Limited Liability Corporation, Guss M. Hund, Owner and Registered Agent, and Eric Hund, Owner and each them to

- a. remove all signage, markings, or advertising bearing the Carmax mark, or any name or mark that is substantially or confusingly similar to that owned or registered by CarMax, from the 3359 South Federal Boulevard, Englewood, Colorado 80110 property;
- b. immediately disconnect, assign, or transfer all phone numbers with a Carmax directory listing to CarMax;
- c. immediately discontinue operation of and assign or transfer to CarMax all websites and domain names using the Carmax mark;

3. Entry of an Order that Defendants' acts be deemed willful and intentional;

4. An award to Plaintiffs CarMax of their costs, to be taxed by the Clerk of Court pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1;

5. An award to Plaintiffs CarMax of their reasonable attorney fees in the amount of $12,681.45 and against Defendants CARMAX, LLC, a Colorado Limited Liability Corporation, Guss M. Hund, Owner and Registered Agent, and Eric Hund, Owner, jointly and severally.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file written, specific objections to the above recommendation with the District Judge assigned to the case.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written,**

**specific objections waives *de novo* review of the recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. <u>Makin v. Colorado Dep't of Corrections</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Dated this 4th day of August, 2008.

BY THE COURT

s/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S MAGISTRATE JUDGE